IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TAMYRA MONTGOMERY, for herself and
on behalf of all others similarly situated;
MIRANDA SMITH, for herself and on
behalf of all others similarly situated;
and JADA HERNANDEZ, for herself and
on behalf of all others similarly situated,                    PLAINTIFFS

v.                       NO. 6:24-CV-06083-SOH

BLACKMON OIL COMPANY, INC.;
DAVID KENNETH BLACKMON;
SUSAN BLACKMON BRITT;
and ETHAN THOMAS BLACKMON                                      DEFENDANTS

## COMPLAINT – CLASS ACTION

COMES NOW Plaintiffs, by and through counsel, Wallace, Martin, Duke & Russell, PLLC, and for Plaintiffs' Complaint, Plaintiffs state:

## PARTIES AND JURISDICTION

1.  Plaintiff Tamyra Montgomery ("Montgomery") is a female resident and citizen of Franklin County, Arkansas who was formerly employed by Defendants. Plaintiff Miranda Smith ("Smith") is a female resident and citizen of Pope County, Arkansas who was formerly employed by Defendants. Plaintiff Jada Hernandez ("Hernandez") is a female resident and citizen of Pope County, Arkansas who was formerly employed by Defendants. Defendant Blackmon Oil Company, Inc. ("Blackmon Oil") is a domestic corporation with regard to the State of Arkansas with their primary place of business located in Yell County, Arkansas. Upon information and belief, Defendants David Blackmon, Ethan Blackmon, and Susan

1

Blackmon Britt (collectively, the Individual Defendants) are natural persons resident in Pike County, Arkansas, and are the President, Controller/Treasurer, and Secretary of Defendant Blackmon Oil, respectively.

2. This is a collective action brought for unpaid wages in accordance with the Fair Labor Standards Act, 29 U.S.C. § 207 and 216(b), and the Arkansas Minimum Wage Act, Ark. Code § 11-4-210. Since the acts giving rise to this action arose in Franklin, Yell, Montgomery, Pike, and other Counties in Arkansas, venue is proper. This Court has personal and subject matter jurisdiction over the Parties because all parties are resident in the state of Arkansas and because this claim arises under federal law.

3. Defendant Blackmon Oil is, and at all times relevant to this action was, engaged in related activities under unified operation and common control and is thus an "enterprise" within the meaning of 29 U.S.C. § 203(r).

4. Defendant Blackmon Oil was, at all times relevant to this action, an "employer" within the meaning of 29 U.S.C. § 203(d).

5. Individual Defendants are all employers within the meaning of 29 U.S.C. § 203(d), as they acted directly in the interest of Defendant Blackmon Oil in relation to establishing the terms and compensation of Plaintiffs' employment, including but not limited to the decision not to compensate Plaintiffs at required overtime rates.

**GENERAL ALLEGATIONS OF FACT**

6. Plaintiffs worked for the Defendants as non-exempt employees.

7. Plaintiff Montgomery held the job title of "Manager" at Defendants' location in 804 E. 8th St., Danville, Arkansas from March 2022 to July 2023.

8. Plaintiff Smith held the job title of "Assistant Manager" at Defendants' location in 804 E. 8th St., Danville, Arkansas, from February 2023 to May 2023.

9. Plaintiff Hernandez held the job title of "Lead" at Defendants' location in 804 E. 8th St., Danville, Arkansas, from September 2022 to July 2023.

10. Throughout their employments, and upon information and belief for the entirety of the last three years, Defendant Blackmon Oil had a policy and practice of paying managers, assistant managers, and leads on an hourly basis.

11. Throughout their employments, and upon information and belief for the entirety of the last three years, Defendant Blackmon Oil had a policy and practice of paying managers, assistant managers, and leads between twelve dollars ($12.00) and fifteen dollars and seventy-five cents ($15.75) per hour worked.

12. Throughout their employments, and upon information and belief for the entirety of the last three years, Defendant Blackmon Oil had a policy of paying one dollar ($1.00) per hour for each hour in excess of forty that a manager, assistant manager, or lead worked during a week.

13. Throughout their employment, and upon information and belief throughout the last three years, Defendant Blackmon Oil had a policy of paying managers, assistant managers, and leads one dollar ($1.00) per hour for any shift worked when the store where the given employee worked exceeded its sales goals.

14. Throughout their employment, and upon information and belief throughout the last three years, Defendant Blackmon Oil had a policy of expecting managers, assistant managers, and leads to work without clocking in to ensure that the stores were properly staffed.

15. All of the Plaintiffs routinely and frequently worked without clocking in.

16. The Named Plaintiffs frequently complained about Defendant Blackmon Oil's pay system including asserting their entitlement to overtime.

17. To date, Defendant Blackmon Oil has failed to pay Plaintiffs for overtime or off-the-clock time.

18. To date, upon information and belief, Defendant Blackmon Oil continues to maintain their unlawful pay system.

## CLASS DEFINITION

19. Plaintiffs bring this matter as a collective action under 29 U.S.C. § 216(b) and Ark. Code Ann. 11-4-210 on behalf of the following class of potential opt-in litigants: all individuals employed during the last three years by Defendant Blackmon Oil as managers, assistant managers, or leads, who were paid $1 per hour in excess of forty hours worked in a regular work week, instead of receiving overtime compensation for said hours at one-and-a-half times their regular rate, or who were suffered, permitted, or required to work off-the-clock. In the alternative, Plaintiffs bring this matter as three collective actions on behalf of a class of

managers, a class of assistant managers, and a class of leads who meet the above criteria.

20. Plaintiffs aver that such individuals are "similarly-situated" for the purposes of this FLSA and AMWA collective action because they were all subject to a common policy, plan, and design across Defendants' operations, departments, and locations. They suffered wage and hour violations in the same time period.

21. The common policy at issue – paying $1 per hour for hours worked in excess of forty hours in a regular work week – was, upon information and belief, applied to all members of the putative class.

22. The work of the Named Plaintiffs and the putative Class Plaintiffs was directed and controlled by the Defendants, and they were all subject to the same decision-makers.

23. The Named Plaintiffs are situated similarly to a number of current and former employees of the Defendants who work or have worked in similar non-exempt positions during the three years immediately preceding the filing of this lawsuit.

24. The putative Class Plaintiffs have the same or closely similar job duties as the Named Plaintiffs and all Plaintiffs were paid by the Defendants in the same manner in violation of the FLSA and AMWA.

25. Accordingly, the Named Plaintiffs are appropriate representatives of all Plaintiffs employed by Defendants who were subjected to the common policy, plan, and design to violate the FLSA.

26. Based upon Defendants' uniform practice and pay system, Plaintiffs who worked hours in excess of forty (40) per week were not paid overtime based upon one and one half times their regular rate of pay.

27. Based upon Defendants' uniform practice and pay system, Plaintiffs were permitted, suffered, or required to work off-the-clock and were not compensated for this time.

28. Defendant Blackmon Oil is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant Blackmon Oil has annual sales of more than $500,000 during the relevant time period.

**FACTUAL ALLEGATIONS**

29. The FLSA requires covered employers, such as Defendants, to compensate non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Defendants suffered and permitted Plaintiffs and similarly situated employees to routinely work more than forty (40) hours per week without overtime compensation. Specifically, Defendants paid

Plaintiffs and similarly situated employees a premium of $1 per hour for all hours worked in excess of forty (40) hours per week but did not pay Plaintiffs the required overtime premium. Defendants also suffered and permitted Plaintiffs to work off-the-clock, for which they received no compensation whatsoever.

30. Plaintiff Montgomery routinely worked between thirty (30) and fifty (50) hours of overtime per week, for which she received a premium of one dollar per hour. She also, upon information and belief, worked approximately fifteen (15) hours per week off-the-clock, for which she received no compensation whatsoever.

31. Plaintiff Smith routinely worked between thirty (30) and fifty (50) hours of overtime per week, for which she received a premium of one dollar per hour. She also, upon information and belief, worked between ten (10) and fifteen (15) hours per week off-the-clock, for which she received no compensation whatsoever.

32. Plaintiff Hernandez routinely worked around thirty (30) hours of overtime per week, for which she received a premium of one dollar per hour. She also, upon information and belief, worked around fifteen (15) hours per week off-the-clock, for which she received no compensation whatsoever.

33. As a result of the actions and events described above, Defendants have violated the provisions of the FLSA with regard to Plaintiffs.

34. As a direct and proximate cause of Defendants' actions as alleged herein, Plaintiffs have lost an amount of wages to be proven at trial.

35. Defendants' violations are willful, in that they knew they had an obligation to pay overtime to employees who worked in excess of forty hours per week, because the Plaintiffs raised the Defendants' obligations to pay overtime with them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs in this action demand:

36. That at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations within the United States during the three years immediately preceding the filing of this suit and to all other potential Plaintiffs who may be similarly-situated informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked overtime but were not paid proper compensation and benefits pursuant to 29 U.S.C. § 216(b).

37. Judgment against Defendants for an amount equal to unpaid back wages at the applicable overtime rates;

38. An equal amount to the overtime damages as liquidated damages;

39. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

40. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other methods approved by the Court;

41. Leave to amend to add other defendants who meet the definition of Plaintiffs' "employer," within the meaning of 29 U.S.C. §203(d);

42. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit;

43. Plaintiffs demand that the facts in this matter be determined by a jury; and,

44. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

WALLACE, MARTIN, DUKE & RUSSELL, PLLC
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
(501) 375-5545 Phone
(501) 455-2576 Fax
Attorneys for Plaintiffs

By: */s/ James Monroe Scurlock*
James Monroe Scurlock, AR Bar Number 2012028
jms@WallaceLawFirm.com
*/s/ Matthew Reid Krell*
Matthew Reid Krell, MSB#103154
mrk@WallaceLawFirm.com