IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TAMYRA MONTGOMERY, *et al.*　　　　　　　　　　　　　　　　　　　PLAINTIFFS

v.　　　　　　　　　　Civil No. 6:24-cv-06083

BLACKMON OIL
COMPANY, INC., *et al*　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff, Tamyra Montgomery, Motion to Dismiss Counterclaim and to Strike Affirmative Defenses. ECF No. 12. Defendants have responded to the Motion. ECF No. 13. This matter has been referred to the undersigned, and it is now ripe for consideration.

1. **Background:**

Plaintiffs filed this action for claims related to the Defendants violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 207 and 216(b) and the Arkansas Minimum Wage Act, ("AMWA") Ark. Code § 11-4-210 by failing to pay overtime. ECF No. 2. Defendants filed their Answer, Affirmative Defenses, and a Counterclaim. ECF No. 10. With the Counterclaim, Blackmon Oil Company, Inc., ("Blackmon") seeks damages from Plaintiff Tamyra Montgomery, ("Montgomery") based on breach of contract and defamation related to a confidential settlement agreement of her EEOC claim. *Id.*

On July 22, 2024, Montgomery filed her Motion to Dismiss Counterclaim and to Strike Affirmative Defenses. ECF No. 12. With this Motion, Montgomery argues the Counterclaim should be dismissed because the Court should not exercise supplemental jurisdiction over the alleged state law claims. *Id.* In addition, Montgomery argues the affirmative defense claiming a

set-off against any wages awarded to the Plaintiffs under the FLSA or AMWA should be struck. *Id.*

2. **Applicable Law:**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 328 (8th Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013) ). Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal of an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Dismissal of a case pursuant to Rule 12(b)(1) may occur through a challenge to the complaint "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993). When a party makes a facial challenge, the court reviews the pleadings and affords the non-moving party the same protections it would receive on a Rule 12(b)(6) motion to dismiss. *See Osborn v. United States*, 918 F.2d 724 n. 6 (8th Cir. 1990). The Court also must draw all reasonable inferences in the non-moving party's favor. *United States v. Stoltz*, 327 F.3d 671, 674 (8th Cir. 2003).

3. **Discussion:**

   **A. Motion to Dismiss Counterclaim**

Blackmon timely filed its Counterclaim and seeks damages from Plaintiff Montgomery, based on breach of contract and defamation related to a confidential settlement agreement of her EEOC claim. ECF No. 10. According to Blackmon, following Montgomery filing a charge with the EEOC, the matter was referred to the EEOC mediation unit. *Id.* At the mediation, the parties reached an agreement and entered into a confidential settlement agreement. *Id.* Blackmon alleges Montgomery failed to abide by her obligations under the confidentiality agreements, breached the

agreement by posting inflammatory statements on social media about the dispute and by indicating false statements regarding the agreement. *Id.* Blackmon seeks damages based on breach of contract, damage to reputation, punitive damages, and attorney fees. *Id.*

Montgomery argues Blackmon's Counterclaims should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Blackmon argues the Counterclaim should not be dismissed because it is compulsory under the Federal Rules of Civil Procedure. Alternatively, Blackmon argues the Counterclaim is permissive and the Court should exercise supplemental jurisdiction.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A counterclaim is considered compulsory where it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Claims derive from a common nucleus of operative fact if they "are such that [the asserting party] would ordinarily be expected to try them all in one judicial proceeding." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011) A compulsory counterclaim need not have its own basis of jurisdiction. *St. Jude Medical, Inc. v. Lifecare Intern., Inc.*, 250 F.3d 587, 594 (8th Cir. 2001); *Tullos v. Parks*, 915 F.2d 1192, 1194 (8th Cir. 1990).

The Court finds the breach of contract and defamation claims in the Counterclaim and the FLSA and AMWA claims in the Complaint do not derive from a common nucleus of operative facts. To prove her claims, Montgomery will have to prove she was a non-exempt employee of

Blackmon, she was not paid at least the minimum wage for each hour she worked, she worked in excess of forty hours in certain weeks, and that she was not paid overtime. To prove their Counterclaim for breach of contract, Blackmon would have to prove an enforceable contract, that Montgomery had a duty under the contract, she violated that duty, and Blackmon was damaged. *Smith v. S. Farm Bureau Cas. Ins. Co.*, 18 F.4th 976, 980 (8th Cir. 2021) (citing *Smith v. Eisen*, 97 Ark. App. 130, 245 S.W.3d 160, 168–69 (2006)). To recover for defamation Blackmon must prove six elements: (1) the defamatory nature of the statement of fact; (2) the statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) the damages suffered by the plaintiff. *See Superior Fed. Bank v. Mackey,* 84 Ark. App. 1, 129 S.W.3d 324 (2003). While there might be some overlap in witnesses, these two claims do not require the same factual or legal arguments of Montgomery's claims and would not rely on the same set of facts. When a court exercises federal jurisdiction pursuant to a rather narrow and specialized federal statute, like FLSA, it should be circumspect when determining the scope of its supplemental jurisdiction. *See Lyon v. Whisman,* 45 F 3d. 758, 764 (3rd Cir. 1995).

As stated above, Blackmon argues in the alternative that the Counterclaim is permissive, and the Court should exercise supplemental jurisdiction. However, a permissive counterclaim requires a basis of jurisdiction independent from the main claim. *Shelter Mut. Ins. Pub. Water Supply Dist. No. 7 of Jefferson City, Mo.,* 747 F 2d 1195, 1197 (8th Cir. 1984). A permissive counterclaim must present either a federal question or complete diversity of the parties. In this matter there is neither. The Counterclaim does not present a federal question, nor is there complete

4

diversity of the parties. Therefore, the Counterclaim should be dismissed for lack of subject matter jurisdiction.[1]

### B. Motion to Strike Affirmative Defenses

In their Answer, Defendants plead "set off" as an affirmative defense. ECF No. 10, pg. 6. Specifically, Defendants plead set off because "Plaintiffs received benefits above and beyond the pay to which they were entitled." *Id*. Plaintiffs argue this affirmative defense should be struck because set offs are improper in FLSA cases. ECF No. 12.

The Court recommends Plaintiffs Motion to Strike be denied. To begin with, set-offs are not categorically impermissible in FLSA cases. *Vire v. Entergy Operations, Inc.,* No. 4:15-CV-00214, 2016 WL 10576708 (E.D. Ark. July 15, 2016). Additionally, motions to strike are viewed with disfavor and should be denied when they present a question of law or fact that a court ought to hear. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). At this early stage in the matter, it appears the question of set off is a question that cannot be determined until such time as the record is more developed.

### 4.     Conclusion:

Based upon the foregoing, the Court recommends Plaintiff, Tamyra Montgomery, Motion to Dismiss Counterclaim (ECF No. 12) be **GRANTED,** and the Counterclaim of Defendant Blackmon be **DISMISSED** without prejudice**.** Further, the Court recommends Plaintiffs' Motion to Strike Affirmative Defenses (ECF No. 12) be **DENIED.**

---

[1] Blackmon requests that should this Court decide the Counterclaim is not compulsory or permissive and declines to exercise supplemental jurisdiction, that the court follow "the general trend" and "sever [the] employer counterclaims" from the action and transfer the claims to state court. ECF No. 13, pg. 6-7. Blackmon refers to an unreported decision from the District Court of Colorado for authority of this trend. The Court is not persuaded by this authority and declines to sever the Counterclaim and transfer the Counterclaim to state court. If Blackmon wishes to pursue the counterclaim against Montgomery, it may pursue an action in state court.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **13th day of September 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE